UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

EDWARD DALE,

       Petitioner,

vs.

                                     Crim. Case No. 92-CR-81127-32

UNITED STATES OF AMERICA,

                                     HON. AVERN COHN

       Respondent.

_____/

## ORDER DENYING PETITIONER'S "LETTER MOTION" AND TRANSFERRING CASE TO COURT OF APPEALS FOR THE SIXTH CIRCUIT

I.

      This is a criminal case.  It has a long procedural history complicated by Petitioner's numerous filings.  In 1995, Petitioner was convicted of (1) conspiracy to possess with intent to distribute and to distribute cocaine and cocaine base, in violation of 21 U.S.C. § 846, (2) intentional killing in furtherance of a (CCE), aiding and abetting, in violation of 21 U.S.C. § 848(e)(1)(A) and 18 U.S.C. § 2 (a CCE murder), and (3) use or carrying a firearm in relation to a drug trafficking crime, in violation of 18 U.S.C. § 924(c).  On April 16, 1996, Petitioner was sentenced to life imprisonment plus 25 years. Petitioner filed a timely appeal to the Court of Appeals for the Sixth Circuit where his conviction and sentence were upheld.  See United States v. Polk, Nos. 96-1492, 96-1534, 96-1512, 96-1710, 96-1533, 1999 WL 397922 (6th Cir. June 2, 1999)(unpublished).  The Sixth Circuit also denied Petitioner's motions for rehearing and rehearing en banc.  See Orders filed on August 23, 1999 and September 3, 1999 in

United States v. Polk, Ct. of Appeals Case Nos. 96-1492, 96-1534, and 96-1533.  The

United States Supreme Court denied a writ of certiorari.  See Order filed on April 17,

2000 in United States v. Polk, Sup. Ct. Case. No. 99-7188.  Thereafter, Petitioner was

appointed counsel in order to bring a motion under 28 U.S.C. § 2255.  See Order

Granting Motion to Appoint Counsel, filed March 21, 2001.

Petitioner then filed the a motion under 28 U.S.C. § 2255 claiming, inter alia, that

his conviction was unconstitutional in light of United States v. Richardson, 526 U.S. 813

(1999).  The Court denied the motion.  See Memorandum and Order filed July 10, 2001.

Reconsideration was denied on August 8, 2001.  A certificate of appealability was

denied on September 13, 2001.  The Sixth Circuit dismissed the appeal on January 29,

2002.  The Supreme Court denied certiorari on December 11, 2002.

II.

On March 11, 2005, Petitioner filed a letter with the Court "in lieu of a formal

motion" in which he states he joins in the Rule 60(b) filing by his co-defendant John

Gordon.  As best as could be gleaned from the co-defendant's papers, Petitioner sought

relief from the Court's evidentiary ruling at trial on the grounds that it violates the

Supreme Court's decision in Crawford v. Washington, 541 U.S. 31 (2004), issued years

after Petitioner's trial.  The Court construed the letter as a motion under Rule 60(b) and

transferred the case to the Court of Appeals for the Sixth Circuit based on the holding in

Abdur'Rahman v. Bell, 392 F.3d 174 (6th Cir. 2004) for a for a determination of whether

Petitioner is entitled to a certificate of authorization to file a successive motion to vacate

sentence under 28 U.S.C. § 2255.  See Order filed May 25, 2005.  Petitioner moved for

reconsideration.  The Court granted the motion on the grounds that it must give

Petitioner notice of its intent to recharacterize Petitioner's motion as a second motion

under § 2255 and therefore gave him an opportunity to amend or withdraw the motion. <u>See</u> Order filed May 25, 2005.  Petitioner failed to take any action.

Nearly nine months later, on February 27, 2006, Petitioner filed a motion under Rule 60(b), rasing the issues of whether the indictment was defective, whether the Court had subject matter jurisdiction, and whether there has been a fraud upon the Court.  All of these issues were presented, in some form or another, in Petitioner's prior filings and all go to the constitutionality of his conviction.  The Court therefore concluded that Petitioner's motion was a second motion under § 2255 and transferred it to the Court of Appeals.  <u>See</u> Order filed February 28, 2006.

Petitioner then filed a motion for clarification and a motion to withdraw his Rule 60(b) motion.  The Court denied the motions on the grounds that the case was before the Court of Appeals.  <u>See</u> Order filed March 20, 2006.  Petitioner then filed a motion to withdraw his appeal in the Court of Appeals, which was granted.  <u>See</u> Order by Court of Appeals filed March 27, 2006.

On June 2, 2006, Petitioner filed the instant "letter motion" to which he attached a Rule 60(b) motion.  Again, he raises claims of whether the indictment was defective, whether the Court had subject matter jurisdiction, and whether there has been a fraud upon the Court.  Petitioner asks that the Court grant his letter motion and consider the merits of the attached Rule 60(b) motion.

III.

In <u>In re Abdur'Rahman</u>, 392 F.3d 174 (6th Cir.2004) (en banc), the Court of Appeals held that in cases filed after the effective date of the Antiterrorism and Effective Death Penalty Act ("AEDPA"), "[in] which the factual predicate in support of the motion attacks the manner in which the earlier habeas judgment was procured and is based on

3

one or more of the grounds enumerated in Rule 60(b)," this court may consider the claim as a motion under Rule 60(b) instead of dismissing it as a second or successive habeas petition.  Abdur'Rahman, 392 F.3d at 177.

In Gonzalez v. Crosby, --- U.S. ----, 125 S.Ct. 2641, 162 L.Ed.2d 480 (2005), decided after Abdur'Rahman, the Supreme Court held that Rule 60(b) remains viable in the habeas context only to the extent it is "not inconsistent with" AEDPA and other applicable federal statutory provisions and rules.  Gonzalez, 125 S.Ct. at 2646.  Gonzalez also held that a habeas petitioner's filing that "seeks vindication of" a federal habeas claim is, if not in substance a habeas corpus application, "at least similar enough that failing to subject it to the same requirements would be 'inconsistent with' " the AEDPA-amended habeas statutes.  Id. at 2647.  Finally, Gonzalez held that "[i]f neither the [Rule 60(b) ] motion itself nor the federal judgment from which it seeks relief substantively addresses federal grounds for setting aside the movant's state conviction, allowing the motion to proceed as denominated creates no inconsistency with the habeas statute or rules."  Id. at 2648.  Given that Gonzalez is a Supreme Court case decided after Abdur'Rahman, and that the Supreme Court vacated and remanded Abdur'Rahman to the Court of Appeals in light of Gonzalez, see 125 S. Ct. 2991 (June 28, 2005), Gonzales controls the analysis of Petitioner's Rule 60(b) motion.  See Post v. Bradshaw, 422 F.3d 419 (6th Cir. 2005).

A Rule 60(b) motion is a second or successive habeas petition when it "seeks vindication of" or "advances" one or more "claims."  Gonzalez, 125 S.Ct. at 2647-48.  A "claim" is "an asserted federal basis for relief from a state court's judgment of conviction," and "[a] motion can ⋯ be said to bring a 'claim' if it attacks the federal court's previous resolution of a claim on the merits."  Id.

Petitioner's Rule 60(b) motion raises claims previously considered and rejected, in some form or another, during Petitioner's direct appeal or subsequent § 2255 proceedings.  Petitioner continues to challenge the constitutionality of his conviction. He cannot use Rule 60(b) to circumvent the requirements for filing a second § 2255 motion.  The Court can only again conclude that Petitioner's Rule 60(b) is a second or successive motion under § 2255.

Where, as here, a second motion to vacate sentence is erroneously filed with the district court, the district court is required to transfer the motion to the court of appeals under 28 U.S.C. § 1631.  In Re Sims, 111 F.3d 45, 47 (6th Cir. 1997).  Under the AEDPA, a district court does not have jurisdiction to entertain a successive post-conviction motion or petition for writ of habeas corpus in the absence of an order from the court of appeals authorizing the filing of such a successive motion or petition. Ferrazza v. Tessmer, 36 F. Supp. 2d 965, 971 (E.D. Mich. 1999).

Accordingly, Petitioner's motion is DENIED.  This matter is TRANSFERRED to the Court of Appeals for the Sixth Circuit under 28 U.S.C. § 1631 for a determination of whether Petitioner is entitled to a certificate of authorization to file a successive motion to vacate sentence under 28 U.S.C. § 2255.  In light of the record in which the Court previously notified Petitioner of its intent to characterize his 60(b) motion as a motion under § 2255, the Court finds that Petitioner has been given adequate notice of the Court's intentions.

SO ORDERED.

Dated:  June 5, 2006                          s/Avern Cohn
                                              AVERN COHN
                                              UNITED STATES DISTRICT JUDGE

**92-81127-32 Dale v. USA**

### Proof of Service

I hereby certify that a copy of the foregoing document was mailed to counsel of record on this date, June 5, 2006, by electronic and/or ordinary mail.

 s/Julie Owens
Case Manager
(313) 234-5160