UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

UNITED STATES OF AMERICA,

    Plaintiff,

v.                                              Case No. 92-81127-32

EDWARD DALE,                    HONORABLE AVERN COHN

    Defendant.

_____/

**ORDER DENYING DEFENDANT'S MOTION TO COMPEL**

I.

This is a criminal case. In 1995, defendant was convicted of (1) conspiracy to possess with intent to distribute and to distribute cocaine and cocaine base, in violation of 21 U.S.C. § 846, (2) intentional killing in furtherance of a (CCE), aiding and abetting, in violation of 21 U.S.C. § 848(e)(1)(A) and 18 U.S.C. § 2 (a CCE murder), and (3) use or carrying a firearm in relation to a drug trafficking crime, in violation of 18 U.S.C. § 924(c). Defendant was sentenced to life imprisonment plus 25 years. The Court of Appeals for the Sixth Circuit affirmed. See United States v. Polk, Nos. 96-1492, 96-1534, 96-1512, 96-1710, 96-1533, 1999 WL 397922 (6th Cir. June 2, 1999)(unpublished). Thereafter, defendant filed several post conviction motions which were also denied.

Before the Court is defendant's "Motion to Compel" in which he asks the Court to order that his former attorney give him a copy of "all his trial and sentencing record and transcripts." For the reasons that follow, the motion is DENIED.

II.

Although defendant has provided no statutory basis for his request, 28 U.S.C. §

753(f) provides:

> Fees for transcripts furnished in proceedings brought under section 2255 of this title to persons permitted to sue or appeal in forma pauperis shall be paid by the United States out of money appropriated for that purpose if the trial judge or a circuit judge certifies that the suit or appeal is not frivolous and that the transcript is needed to decide the issue presented by the suit or appeal.

The Supreme Court has recognized that "[t]his particular statute contains a limited grant of authority to the courts to authorize the expenditure of public funds for furnishing transcripts to plaintiffs in § 2255 actions." United States v. MacCollum, 426 U.S. 317, 321 (1976).

Here, defendant requests copies of his "trial and sentencing record and transcripts." Defendant's request for the "record" must be denied because it is outside 28 U.S.C. § 753(f). See United States v. Fullerton, No. 00-3638, 2000 WL 1888567, at *1 (6th Cir. Dec. 19, 2000) (rejecting federal prisoner's request for the district court to "loan" him the court file in his criminal case).

As to his request for transcripts, defendant has failed to demonstrate that his claim "is not frivolous and that the transcript is needed to decide the issue[s] presented" in his case. Defendant does not state why he needs the transcripts. Moreover, in light of the fact that defendant has filed several post conviction motions, including a § 2255, defendant has not met the requirements of 28 U.S.C. § 753(f).

SO ORDERED.

Dated: October 15, 2009      s/ Avern Cohn
                                            AVERN COHN
                                            UNITED STATES DISTRICT JUDGE

I hereby certify that a copy of the foregoing document was mailed to the attorneys of record and Edward Dale, #20135-039, USP - Allenwood, P.O. Box 3500, White Deer, PA 17887 on this date, October 15, 2009, by electronic and/or ordinary mail.

                                            s/ Julie Owens
                                            Case Manager, (313) 234-5160